IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DONNY JOEL HARVEY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-00-499 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID[1] | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Donny Joel Harvey, a prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division ("TDCJ-CID"). The Petition was considered filed on May 26, 2000.

The State has custody of Petitioner pursuant to a judgment and sentence entered in Cause No. 14,130 in the 23rd District Court of Brazoria County, Texas for the felony offense of escape for which he was sentenced to four (4) years.[2] Respondent also has custody of Petitioner pursuant to a judgment and conviction entered in Cause No. 79-279-C in the 54th District Court of McLennan County, Texas, for the offense of burglary of a building (enhanced) for which he was

---

[1] The previous named Respondent in this action was Doug Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Doug Dretke as Director of the TDCJ-CID and, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, is automatically substituted as a party.

[2] Petitioner was originally convicted of escape and sentenced to fifteen (15) years in Cause No. 13,294 on September 1, 1981, but the Fourteenth Court of Appeals reversed his conviction on June 24, 1982, and thereafter issued its Mandate to the trial court on or about November 14, 1982. *See Harvey v. State*, 642 S.W.2d 222 (Tex.App.–Houston [14th Dist.] 1982, pet. ref'd).

sentenced to thirty (30) years. Petitioner was released by the TDCJ-CID on parole while this matter was pending, however, this Court was recently informed of Petitioner's re-incarceration.

The District Court outlined the procedural background of this case in an earlier Opinion and Order entered on March 27, 2002 (Docket Entry No. 40), including several of Petitioner's nineteen Article 11.07 habeas writs. The Court dismissed the instant habeas writ as a mixed petition. After a lengthy procedural interval, the District Court reinstated this matter on November 8, 2002 (Docket Entry No. 66). Respondent seeks dismissal of Petitioner's claims, and Petitioner has responded. Having considered the parties' motions and briefs, the state records, and the applicable law, this Court submits its Report and Recommendation to the District Court.

In light of the District Court's earlier Opinion and Order, the Court forgoes a detailed summary of the background of this case. Petitioner does not challenge either of his underlying convictions. Instead, he alleges that he has been denied various time credits related to his confinement. In particular, Petitioner claims that:

> 1. he has been denied credit for "500 days" served while in actual and constructive custody for Cause No. 13,294;
>
> 2. he has been denied the opportunity to earn good time credit on:
>
>> a. 194 days previously credited to him and
>> b. 121 days of pre-sentence time credited to him;
>
> 3. he has been denied credit towards his sentence in cause number 14,130 for time served (five years and 131 days) while in custody in federal prison, and;
>
> 4. he has been denied credit on his sentence in cause number 14,130 for time served pursuant on an earlier sentence that was subsequently set aside by an appellate court.

2

The District Court earlier found that the fourth claim is procedurally barred from consideration in federal court. Opinion and Order at 9-10. Thus, only the first three grounds are at issue here and will be discussed in turn.

*Issue Concerning Denial of Credit for Days Served (Claim One)*

Petitioner claims that he is being denied credit for some "500 days" served while in "actual and constructive custody" in violation of his Due Process and Equal Protection rights. Fed. Writ Pet. at 7, 7a. Petitioner's first claim is admittedly not easy to decipher and the exact basis for this claim appears to be of somewhat mutable character when restated by Petitioner in his various responses. The Court observes, however, that Petitioner has already been given pre-sentence jail time credit for the 194 days from the date of his detainer on February 19, 1981, through date of his appeal on September 1, 1981, and he was also given "an additional 121 days of pretrial confinement pursuant to *Ex Parte Bynum*"[3] that was credited to his sentence in Cause No. 14,130.[4] *Ex parte Harvey*, No. 73,807 (Tex.Crim.App., May, 17, 2000). As a result of these time credits,

---

[3] On May 31, 1989, the Texas Court of Criminal Appeals in *Ex parte Bynum* determined that a prisoner was entitled to time credit for the time between the lodging of a detainer and his sentence where the prisoner was already serving a term of imprisonment with the Texas Department of Corrections due to a previous conviction. *Ex parte Bynum*, 772 S.W.2d 113, 114-116 (Tex.Crim.App. 1989).

[4] In his Second Supplement to Respondent's Motion for Summary Judgment (Instrument No. 30), Petitioner appears to attempt to amend his complaint and add a claim that the Texas Court of Criminal Appeals ("CCA") improperly credited him pre-sentence time. Even to the extent the Court were to consider this as a Supplement to his Petition, Petitioner's claim is without merit as the CCA afforded him pre-sentence credit from the date the appellate court issued its Mandate on November 14, 1982, to the date his conviction in Cause No. 14,130 became final on March 17, 1983.

Petitioner's cumulative sentence start date is now August 10, 1978.[5] Therefore, given his pleadings, Petitioner appears to seek additional credit based on either: (1) a claim that he is entitled to credit from September 1, 1981, the date he appealed his conviction in Cause No. 13,294, to the date his conviction was reversed and the Mandate was issued by the Texas appellate court; or (2) a claim that he is entitled to credit from the date his sentence in Cause No. 13,294 was "vacated and dismissed" until May 24, 1983, when TDCJ-CID corrected their records from a 45 year term of confinement to a 34 year term. Fed. Writ Pet. at 7a; Pet'r Opp. to Resp's MSJ at 24-26 (Instrument Nos. 1 & 28). The Court addresses each issue in turn.

1. *Appeal Time Credit Issue*

To the extent that Petitioner's claim is that he is being denied credit for the period during which he was in actual custody while his conviction in Cause No. 13,294 was on appeal (*i.e.,* September 1, 1981, through the date the court of appeals reversed his conviction), this claim is procedurally barred.

On December 1, 1999, Petitioner filed his nineteenth writ in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure claiming that he had been wrongfully denied time credits. In a written Opinion and Order entered on May 17, 2000, the Court of Criminal Appeals granted him relief in part, but dismissed the writ as to his remaining claims as a successive petition. *See Ex parte Harvey*, No. 73,807 (Tex.Crim.App. May 17, 2000). Specifically, the Texas Court explained, in relevant part, the following:

---

[5] Petitioner's sentences preceded the 1987 amendment to Article 42.18 § 8(b) of the Texas Code of Criminal Procedure and, as such, the sentences are added together and treated as one sentence for purposes of determining parole eligibility.

> *Ex Parte Bennett*, 508 S.W.2d 646 (Tex.Crim.App. 1974), held that a prisoner is entitled to credit for time served on a sentence which is reversed when a new conviction is obtained for that offense. *Bennett* was decided before applicant filed any of his prior applications in this cause, so § 4 [of Article 11.07] bars relief as to credit for time served under the previous sentence in this cause.

*Id.* Article 11.07, Section 4 of the Texas Code of Criminal Procedure is Texas' codification of the abuse of the writ doctrine. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153 (1995). Petitioner's state writ contained the same grounds for relief asserted in the instant petition.

A petitioner is procedurally barred from bringing a habeas claim before a federal court if his application to the highest state court has been denied due to a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Fearance,* 56 F.3d at 642. A petitioner's procedural default precludes federal habeas corpus review "if the last state court rendering a judgement in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 (1989). Petitioner is therefore procedurally barred from presenting this issue in federal court unless there is cause for the default and prejudice from the alleged violation of federal law or a resulting fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750-51. The Supreme Court has held that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. at 753 (*citing Murray v. Carrier*, 477 U.S. 478, 788 (1986)).

"Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104

F.3d 694, 697 (5th Cir.), *cert. denied*, 520 U.S. 1267 (1997). It is well established in this circuit that a petitioner's *pro se* status is not an "objective external factor" which qualifies as cause for failure to raise a claim. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Petitioner's state writ application number shows that it was his nineteenth state writ application. Nothing in the record in this case shows any basis for cause for Petitioner's procedural default or prejudice.

To grant a habeas petition due to a manifest miscarriage of justice, the petitioner "must show that a constitutional violation prevented him from showing his actual innocence" or "resulted in the conviction." *Ellis v. Collins*, 956 F.2d 76, 80 (5th Cir.), *cert. denied*, 503 U.S. 915 (1992). Because of the nature of his claim, innocence of the offense or punishment innocence, such as "death penalty innocence," does not apply.

Petitioner procedurally defaulted this federal habeas claim in state court. The record does not show any cause for his default or any prejudice. Accordingly, this Court concludes that Petitioner's claim is procedurally barred.

Notwithstanding the procedural bar, Petitioner's claim suffers from another problem–namely, this claim is time barred. The Texas Court of Criminal Appeals has long held that a prisoner is entitled to a credit for the time served in the Texas Department of Corrections pending his appeal which resulted in a reversal of the conviction. *Ex parte Bennett*, 508 S.W.2d 646, 647 (Tex.Crim.App. 1974). On September 1, 1981, Petitioner appealed his conviction in Cause No. 13,294 and the conviction was reversed by a Texas appellate court on June 24,1982, with a Mandate being issued to the trial court overturning the conviction on or about November 14, 1982. Following the issuance of the Mandate, Texas law provides:

> [i]f a defendant appeals his conviction, is not released on bail, and is retained in a local jail . . ., pending his appeal, the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail pending disposition of his appeal.  The court shall endorse on both the commitment and the mandate from the appellate court all credit given the defendant under this section, and the Department of Corrections shall grant the credit in computing the defendant's eligibility for parole and discharge.

Tex.Code Crim. Proc. Art. 42.03, §3.  Petitioner complains that the trial court failed to credit him for this appeal time.

Petitioner's claim clearly arose after the court of appeals issued its Mandate on November 14, 1982, or, at the latest, when the judgment imposing the sentence was issued following his retrial and conviction in Cause No. 14,130 on February 26, 1983.  Since this preceded the enactment of the AEDPA on April 24, 1996, Petitioner had one year after the effective date of the AEDPA in which to file a federal writ of habeas corpus.  *Flanagan v. Johnson* 154 F.3d 196, 200 (5th Cir. 1998).  Accordingly, Petitioner had until April 24,1997, to file his federal writ.  *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999).  Petitioner did not file his federal writ until May 26, 2000.  Moreover, Petitioner's filing of his state writ on this issue on December 1, 1999, did not toll the limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (holding state application filed after expiration of limitations period does not statutorily toll limitations period).  Ignorance of the law does not excuse the failure to comply with the statute of limitations.  *Fisher v. Johnson*, 174 F.3d 710, 714, fn. 13 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001).

The one year period is subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

Equitable tolling is appropriate in cases where, despite all due diligence, a litigant is unable to discover the factual information bearing on the existence of his claim. *Fisher*, 174 F.3d at 715. A litigant's unfamiliarity with the legal process or his lack of legal representation during the applicable filing period will not warrant equitable tolling. *Turner,*177 F.3d at 392. Although equitable tolling may apply in those cases where a petitioner has been "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," the record here is devoid of any such facts to support that Petitioner was actively mislead concerning any failure to award appeal time credit. *Rashidi v. Am. Pres. Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Here, a review of the record reflects that Petitioner waited over fifteen (15) years since his successful appeal of Cause No. 13,294 to pursue his claim and the Court observes that during this time period Petitioner was twice released from TDCJ-CID on parole.[6] Since Petitioner "could have filed his claim properly with even a modicum of due diligence," this Court finds no compelling basis to grant equitable tolling. *Rashidi*, 96 F.3d at 128; *see also Fisher*, 174 F.3d at 715 (equitable tolling is not intended for those who sleep on their rights). The Court, therefore, **RECOMMENDS** that the Petition be **DISMISSED** as to this issue.

   2. "Constructive Custody" Credit Issue

Petitioner also appears to claim that after his sentence in Cause No. 13,294 was "vacated and dismissed," Brazoria County placed a detainer or hold on him and he remained in constructive custody under Cause No. 13,294 until May 24, 1983, when TDCJ-CID corrected their records

---

[6] The records reflect that Petitioner was released on parole from TDCJ-CID in 1987, re-incarcerated in 1988, released again from TDCJ-CID to federal custody in 1990, released from federal custody in or around late1995, and subsequently re-incarcerated by TDCJ-CID in 1997.

8

from a 45 year term of confinement to a 34 year term.  Fed. Writ Pet. at 7a; Pet'r Opp. to Resp.'s MSJ at 24-25.  Petitioner complains that the detainer combined with TDCJ-CID's failure to correct his sentence until that date amounted to constructive custody because it had an adverse effect on him to include curtailment of his privileges and pushing back his parole review date on his thirty (30) year sentence.

The essence of Petitioner's claim is one under *Bynum* for pre-sentence detention credit. Pet'r Opp. to Resp.'s MSJ at 24-25.  Generally, in the absence of a statute to the contrary, "there is no federal constitutional right to credit for time served prior to sentence."  *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir. 1970); *see also Jackson v. Alabama*, 530 F.2d 1231, 1236-37 (5th Cir. 1976) (principle enunciated in *Gremillion* was qualified by the Fifth Circuit to the extent of recognizing that a constitutional right may exist if the denial of credit to an indigent defendant, who is detained under a bailable offenses yet is unable to make bail due to indigency, would result in extending the sentence beyond the maximum prescribed for the offense).  Where, as is the case here, these circumstances do not exist,[7] "pre-sentence credit is not an absolute constitutional right."  *Jackson*, 530 F.2d at 1238.  Therefore, Petitioner's claim for pre-sentence credit is not cognizible on federal review.  *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (federal habeas review available for claims concerning violation of federal law, not rights created by state law).

---

[7] Petitioner was convicted for the offense of escape from the custody of a penal institution. This offense is a third-degree felony under Texas law, which carries a maximum sentence of no more than ten (10) years. Petitioner does not allege that a denial of this credit would extend his sentence beyond the maximum prescribed by law.

Notwithstanding this fact, the Court observes in Texas an individual convicted of a criminal offense has a statutory right under state law to receive credit on his sentence for all time "spent in jail in said cause." Tex.Code Crim. Proc. art. 42.03, § 2(a). Under Texas law, an individual is also entitled to credit for pre-sentence detention when it amounts to constructive custody. *Ex parte Bynum*, 772 S.W.2d at 114-116. When considering Petitioner's state habeas application, the Texas Court of Criminal Appeals, while awarding him some additional pre-sentence detainer credit, rejected his contentions that he was entitled to any additional credit. *Ex parte Harvey*, No. 73,807. This Court is required to accord due deference to the highest state Court's interpretation of state law. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir.), *cert. denied*, 513 U.S. 854 (1994). "[I]t is not the province of a federal court to reexamine state court determinations on state-court questions." *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (*quoting*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)), *cert. denied*, 525 U.S. 969 (1998). Petitioner's claim challenging a state court's application of state law is outside the scope of federal habeas review. Since Petitioner has not demonstrated that the denial of pre-sentence detention credit for the time he was in constructive custody constitutes a violation of the Constitution, his federal habeas corpus claim for relief must fail. *See also*, 28 U.S.C. §2254(d) (AEDPA precludes federal courts from granting habeas corpus relief to state prisoners with respect to any claim that was adjudicated on the merits in a state court proceeding unless the state court decision involved an unreasonable application of clearly established federal law or resulted in an unreasonable determination of the facts in light of the evidence presented).[8]

---

[8] Even to the extent this claim is cognizable in a federal habeas petition, it would be time barred. Petitioner's claim is premised on *Bynum*, which was decided by the Texas Court in 1989.

The Court, therefore, **RECOMMENDS** that the Petition be **DISMISSED** as to this claim.

*Issues Concerning Denial of Opportunity to Earn Good Time Credit (Claim 2)*

As discussed, pursuant to *Ex parte Bynum*, 194 days of flat time was restored to Petitioner on September 23, 1998. Fed. Writ Pet. at 7b; Resp't Partial Mot. Summ. Judgment (MSJ) and Mot. to Dismiss ("MTD") at 11, fn. 9. In addition, by judicial mandate, 121 days of pre-sentence flat time was restored to him on May 17, 2000, and TDCJ-CID made this change on July 12, 2001. *Ex parte Harvey*, No. 73,807 (Tex.Crim.App., May 17, 2000) (credit provided pursuant to *Ex parte Bynum*). In the instant writ, Petitioner claims that he is entitled to good time credits for these time periods.[9]

---

The AEDPA provides that the one year limitation period may also begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. §2244(d)(1)(D). Petitioner could have discovered the factual basis for this claim when *Ex parte Bynum* was decided on May 31, 1989. Since this preceded the enactment of the AEDPA on April 24, 1996, Petitioner had one year after the effective date of the AEDPA in which to file a federal writ of habeas corpus. *Flanagan v. Johnson* 154 F.3d 196, 200 (5th Cir. 1998). Accordingly, Petitioner had until April 24, 1997, to file his federal writ. Petitioner's federal writ was not filed until May 26, 2006. Although Petitioner contends that the time limitations should be tolled while he was in federal prison because he did not have access to state law materials during this time, even assuming this to be the case, Petitioner was released from federal prison after serving five years and 131 days which began in February 1990. *See* Fed. Writ Pet. at 7c. Once released from federal incarceration, Petitioner could have discovered the existence of *Bynum* and asserted a timely claim.

[9] There is no dispute that TDCJ-CID credited Petitioner with the 194 days on September 23, 1998 (Fed. Writ Pet. at 7; Resp't Partial MSJ and MTD at 11, fn. 9), or the 121 days on July 12, 2001 (Supp. to Pet'r Obj. to Resp't MSJ at 3, ¶ 3). In support of his Motion, Respondent submitted a letter from a legal assistant employed by the State Counsel for Inmate Offenders informing Petitioner that "[w]hen the number of days served flat changes, the good time days are automatically updated at the same time." Pet'r Opp. to Resp't Partial MSJ and MTD, Ex. G. Petitioner does not refute that his good time was automatically adjusted upon these respective changes.

Under Texas law, a person's sentence is not reduced by good time credit. *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App.1994). Good time credit is only used for eligibility for parole or mandatory supervision. *Id.* "Once an inmate is paroled or released to mandatory supervision, the period of parole is equal to the maximum term for which the person was sentenced less calendar time actually served on the sentence, without any reduction for previously accrued good time credits." *Id.*

On May 29, 2002, Petitioner was released from TDCD-CID to parole. Resp't Resp. to Pet'r Mot. for Recons., Attach. A (Asst. Dir. Pickell Aff.; Cert. of Parole signed by Pet'r). Petitioner's claim for good time credit is moot due to his release on parole.[10] *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir.), *cert. denied*, 522 U.S. 1003 (1997) (there is no constitutionally protected right to restoration of any forfeited good-time credits); *Gray v. Dretke*, 135 Fed.Appx. 711, 712 (5th Cir. 2005) (federal habeas claim for loss of good time credit became moot when petitioner released on parole); *Reynolds v. Johnson*, No. 400CV0391Y, 2001 WL 180165, *3 (N.D.Tex., Feb. 20, 2001) (no constitutional right to reinstatement of good-time credits if parole revoked). The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on these issues as moot.

*Issue Concerning Denial of Credit While in Federal Prison (Claim Three)*

---

[10] The Court also observes that this issue appears to have been waived by Petitioner because on June 4, 2002, after being released from prison and knowing that the good time would become moot after his release, he chose to withdraw his appeal as to this issue and requested the Court to proceed with his petition.

Petitioner contends he has been denied credit towards his sentence in Cause No. 14,130 for time served (five years and 131 days) while in custody in federal prison. Respondent responds that this claim is time barred. This Court agrees.

On April 13, 1998, Petitioner concedes that he received information about TDCJ-CID's refusal to credit him time for the period during which he was in federal custody. Fed. Writ Pet. at 7c; Pet'r Opp. to Resp't MSJ at 34. Therefore, the factual predicate of this claim was discoverable no later than April 13, 1998, and Petitioner had until April 13, 1999, to file a federal writ to seek habeas relief for this claim. Petitioner's federal writ was not filed until May 26, 2000. Although Petitioner filed a writ in state court concerning this issue (*Ex parte Harvey*, Applic. No. 9,42519 at 26-28), he did not do so until December 1, 1999, more than six months after the limitations period had expired. *See Scott,* 227 F.3d at 263 (holding state application filed after expiration of limitations period does not statutorily toll limitations period). Accordingly, this Court finds that this issue is barred by the one-year limitations period[11] and finds no "rare and exceptional circumstances" that exist to grant equitable tolling for this claim.[12] *Fisher*, 174 F.3d

---

[11] Even to the extent that this claim was not time-barred, as the Court previously explained in its Opinion and Order, "since Petitioner was on parole while the federal sentence was being served and since his parole was subsequently revoked, any calendar time originally going toward the completion of his Texas sentence while he was serving the federal sentence would have been forfeited, in the same way that ordinary "street time" is lost when parole or mandatory supervision release is revoked. *See Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996)." Opinion and Order at 8 (Mar. 27, 2002).

[12] The Court observers that Petitioner generally alleges in his Supplemental Reply (Instrument No. 68) that the Respondent, through his agents, deliberately hid the facts from Petitioner and used false information to deny him this credit and, as such, he claims he is entitled to equitable tolling. To the extent that Petitioner intended this argument extend to this claim, it is without merit given his clear statements to the contrary (*i.e.,* that TDCJ expressly informed him on April 13, 1998, that he would not be given credit for this time).

at 714-15; *Rashidi*, 96 F.3d at 128; *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000) (it is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing).

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on this issue as it is time barred.

## CONCLUSIONS

For all the foregoing reasons, it is the **RECOMMENDATION** of this Court that Respondent's "Partial Motion for Summary Judgment and Partial Motion to Dismiss" (Instrument No. 23), considered in conjunction with Respondent's "Response to Petitioner's Motion for Reconsideration and Request to Withdraw Appeal and Proceed with Brief in Support" (Instrument No. 65) be **GRANTED**; and that the Petition for Writ of Habeas Corpus of Donny Joel Harvey (Instrument No. 1), together with his Supplements to the Petition, be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **December 27, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____6th_____ day of December, 2006.

_____
John R. Froeschner
United States Magistrate Judge