IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DONNY JOEL HARVEY, # 297949 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-00-499 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID | § | |

### ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge that was entered on December 6, 2006. Petitioner filed his Objections in a timely manner and then filed a supplement to his Objections (hereinafter, collectively " Objections"). In addition to the Objections he has filed, which in combination exceed thirty pages, Petitioner seeks an enlargement of time to obtain over thirty exhibits that he previously filed with this Court (he believes that the Magistrate Judge misstated facts in the Report and Recommendation) and to file additional objections thereafter.

Initially, with regard to Petitioner' s request for copies from the Court Clerk of the exhibits he states he filed (numbered as Petitioner' s Exhibits #1 through #34), the Court finds that while Petitioner is certainly entitled to request and obtain copies, at his expense, of any such documents, he must be clear in his request. In its review of the many pleadings and exhibits that Petitioner has filed with the Court in this case, the Court finds that there are no consecutive exhibits numbered 1 through 34. Instead, reviewing the documents that Petitioner has filed, the Court observes that Petitioner alternates between numbered and lettered exhibits and also includes

documents without either.[1]  Neither this Court, nor the Clerk will function as Petitioner's personal administrative assistant in an attempt to surmise which documents Petitioner is referring to.  Furthermore, the Court will simply not allow Petitioner to abuse the judicial system and waste judicial resources in this manner.  *Vinson v. Texas Bd. of Corrections*, 901 F.2d 474 (5th Cir. 1990);  *Smith v. McLeod*, 946 F.2d 417 (5th Cir. 1991).  Upon clarification of his request, Petitioner can obtain copies at a cost of $0.50 per page from the Court Clerk.

Moreover, with regard to Petitioner's request for an enlargement of time, the Court, having carefully considered Petitioner's combined Objections, is of the opinion that this is unnecessary because Petitioner has clearly and adequately articulated his points of concern with the Magistrate Judge's Report and Recommendation regarding the documentary evidence. Furthermore, this Court, having reviewed this matter *de novo,* fully considered the many exhibits and the other documentary evidence submitted by both parties in this case.  Petitioner's Request to Enlarge the Time is, therefore, **DENIED**.

Turning to his Objections, Petitioner complains that the Magistrate Judge is improperly considering his Petition under 28 U.S.C. § 2254, instead of 28 U.S.C. § 2241.  Petitioner relies upon *U.S. v. Cleto*, 956 F.2d 83 (5th Cir. 1992) (which involved a federal prisoner) to support his

---

[1] For example, in Petitioner's Objections to Respondent's Motion for Summary Judgment (Instrument No. 28), which was filed on July 27, 2001, he includes 49 pages of exhibits that alternate, although not sequentially, between numeric exhibits (*i.e.*, included are 1(A); 1(B); 16(A); 16(B); 11(A), 11(C); 11(D); 2(A)-(C); 5; 8-10; and 12-13) and lettered exhibits labeled A through Q.  The Court finds that attached to his "Request for Judicial Notice" are approximately 8 pages of exhibits numbered 21-29.  Petitioner has also attached documents to his pleadings that have no exhibit numbers or letters.  Finally, the Court also observes that the State Court records contained a number of exhibits that Petitioner filed in conjunction with one of his Article 11.07 state habeas writs that are marked as exhibits #1-10 and consist of approximately 58 pages.

position that his claim regarding the execution of his sentence must be considered under § 2241. Petitioner's reliance is misplaced. The majority of the circuit courts have drawn " a distinction between a *federal* prisoner's ability to resort to § 2241 to attack the execution of his sentence, and the structural difference in the habeas statutes that made a state prisoner's resort to § 2241 improper in the same circumstances." *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir.), *cert. denied*, 543 U.S. 991 (2004).

    Furthermore, regardless of the statutory label Petitioner attempts to place on his federal habeas application, it will not assist him in eluding the period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (" AEDPA"). " When the petitioner meets the threshold requirement of being in state custody pursuant to a state court judgment, § 2254 is properly seen as a limitation on the general grant of habeas authority in § 2241." *White*, at 100; *see also*, *Green v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (recognizing that " [r]oughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (same). Petitioner is in custody of the TDCJ-CID pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction and, regardless of the label he now attempts to place on his petition, the AEDPA applies and his claims are subject to the one year period of limitations. *Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003); *Tijerina v. Utah State Board of Pardons*, 177 Fed. Appx. 782, 785 (10th Cir.), *cert. denied*, _U.S._, 127 S.Ct. 563 (2006); *Brownfield v. Roberts*, 154 Fed. Appx. 686, 688 (10th Cir. 2005); *see also Kimbrell v. Cockrell*,

311 F.3d 361, 363 (5th Cir. 2002) (applying limitations period to a state prisoner's petition that not only attacks the state conviction, but also the calculation of time served); *Stringer v. Williams*, 161 F.3d 259, 261-62 (5th Cir. 1998) (requiring state pre-trial detainee who filed § 2241 to file COA because his detention arose out of process issued by state court).

Petitioner next objects to the Report and Recommendation because he claims the Magistrate Judge misconstrued the facts regarding when he learned that he would not get credit for his federal incarceration. Petitioner also contests other dates. This Court, having carefully reviewed the many pleadings filed by Petitioner, finds that Petitioner himself clearly states in his pleadings that he learned of TDCJ-CID's " refusal to credit time served and acquired good-time on the cause; for time served in federal institutions … on the 13th day of April 1998." (Pet'r Opp. to Resp.'s MSJ at 34). The Court is not moved by Petitioner's current attempt to retreat from his prior statements. The Court also observes that affidavit of C. Valdez, which was not contested by Petitioner, clearly supports the dates and credits regarding his TDCJ records, as well as the calculation begin date of August 10, 1998. (Resp.'s MSJ, Ex. F, Att. A).

Accordingly, having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds that Petitioner's Objections are without merit and that the Report and Recommendation is correct and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

It is **ORDERED** that Respondent's " Partial Motion for Summary Judgement and Partial Motion to Dismiss Pursuant to 28 U.S.C. §2244(d) with Brief in Support" (Instrument No. 23), filed on July 20, 2001, considered in conjunction with Respondent's " Response to Petitioner's Motion for Reconsideration and Request to Withdraw Appeal and Proceed with Brief in Support"

(Instrument No. 65), filed on August 26, 2002, are **GRANTED**; and the Petition for a Writ of Habeas Corpus of Donny Joel Harvey (Instrument No. 1), together with his Supplements to the Petition, is **DISMISSED** with prejudice.

This Court finds that Petitioner has not made a substantial showing that reasonable jurists " would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.2d 248, 263 (5th Cir. 2000). This Court finds that a Certificate of Appealability should not issue.

**DONE** at Galveston, Texas this 20th day of March, 2007.

_____
Samuel B. Kent
United States District Judge